PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the uncontested report of the referee dated December 22, 1986, recommending that Casler be disbarred from the practice of law in the State of Florida for a period of three years.[1]
In Count I of the two count complaint Casler was charged with: conduct involving dishonesty, fraud, deceit or misrepresentation; conduct adversely reflecting on his fitness to practice law; engaging in illegal activity; commingling; failure to maintain complete records, and failure to promptly deliver to clients funds to which they are entitled; use of client’s funds for purpose other than those designated; and failure to maintain account records and to produce trust account record.[2] Count I *722 involved the misappropriation of estate assets, the commingling of estate assets, trust funds and personal funds and failure to comply with various trust accounting procedures.[3]
In Count II Casler was charged with: conduct involving dishonesty, fraud, deceit or misrepresentation; conduct adversely reflecting on his fitness to practice law; engaging in illegal activity; commingling; failure to promptly deliver to clients funds to which they are entitled; and use of client’s funds for purposes other than those designated.[4] Count II also involved the misappropriation of estate assets, com *723 mingling and failure to maintain adequate trust account records.[5]
The referee accepted Casler’s oral guilty plea, adopting the facts as alleged in the complaint.[6] The referee recommends that Casler be found guilty of all violations charged in the complaint and that he be “disbarred for three years and not be considered for readmission until restitution (including reimbursement of The Florida Bar Client Security Fund) and payment of all bar costs.”
We have reviewed the record and approve the referee’s report and adopt her recommendations as to guilt and discipline. Accordingly, William F. Casler, Sr. is hereby disbarred from the practice of law in the State of Florida for a period of three years. An application for readmission shall not be considered until the conditions set forth above have been met. Disbarment shall be retroactive to September 9, 1985. Judgment for costs in the amount of $3,406.35 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., OVERTON and BARKETT, JJ., and ADKINS, J. (Ret.), concur.
EHRLICH and SHAW, JJ., dissent to the effective date of disbarment.

. See former Florida Bar Integration Rule, article XI, Rule 11.10(5).

. Disciplinary Rules 1 — 102(A)(4), 1-102(A)(6), 7-102(A)(8), 9-102(A), 9-102(B) of the former Florida Code of Professional Responsibility and *722 former Florida Bar Integration Rule, article XI, Rules 11.02(4) and 11.02(4)(c), respectively.

.In connection with Count I the bar alleged:
2. Respondent was the personal representative and attorney for the personal representative, for the estate of Ann Caifa, who died September 8, 1984.
3. Ann Caifa and Mary Letnicky (an heir of Ann Caifa) had, at the time of Ann Calfa’s death, four bank accounts held jointly with one another.
4. The total monies in these joint bank accounts was approximately $110,000.00.
5. At Respondent’s request, the bank books for the joint accounts were sent to Respondent.
6. Respondent transferred funds from the joint accounts to estate account number 06310507447650 at the Florida National Bank of St. Petersburg.
7. The total deposit to the estate account was approximately $123,708.32.
8. Approximately $1,255.63 collected by Respondent for the estate was not deposited to the estate account.
9. From approximately September 13, 1984 to October 16, 1984, $112,652.32 was transferred from the Account No. 08504447650, Estate of Ann Caifa, William F. Casler, Sr., P.R. to the William F. Casler, Sr. Trust Account No. 0842102560.
10. A total of approximately $116,728.26 was transferred from the estate account to Respondent, Respondent’s Trust Account No. 0802102560 and to Suncoast Animal Clinic Account No. 0842102579 for purposes not related to the estate administration.
11. On January 21, 1985, Respondent sent a $5,000 check to Mary Letnicky to pay for the funeral expenses of an heir of Ann Caifa.
12. The aforesaid check was returned for insufficient funds.
13. On February 23, 1985 Respondent sent Mary Letnicky a second check for $5,000.00 drawn on estate account No. 06310507447650.
14. The aforesaid check was returned with the notation that the account was closed.
15. The only estate disbursements as of February 28, 1985 were for a total of $6,065.06.
16. On February 28, 1985 the aforesaid estate account had a zero balance.
17. Respondent sent Mary Letnicky a telegram dated March 7, 1985 stating the estate account was not closed.
18. On March 11, 1985 Respondent deposited $5,000.00 into the aforesaid estate account from account no. 02102560, a demand deposit account in the name of William Cas-ler, Sr. (Respondent), Attorney-at-Law.
19. A check for $5,000 was drawn on the estate account and issued to Mary Letnicky.
20. Respondent kept personal funds in trust account No. 0101566401, Bank of Florida, which was labeled as William F. Casler, Sr., Attorney-at-Law Trust Account, and used said funds to cover costs advanced on behalf of clients who did not pre-pay costs.
21. Respondent expended funds of some clients as a cost advance for other clients who did not provide an advance towards costs.
22. Ledger cards were not available for inspection by The Florida Bar Branch Auditor Pedro Pizarro for transactions prior to July 1984.
23. Trust account balance reconciliations were not available for inspection by The Florida Bar Branch Auditor.
24. Checks and deposit slips labeled as "Trust Account-William F. Casler, Sr. — Attorney-at-Law” were deposited into an account labeled "William F. Casler, Suncoast Animal Clinic.”
25. Not all bank statements, cancelled checks and deposit slips related to trust accounts being audited were available for inspection.
26. A separate cash receipts and disbursements journal, as required after June 30, 1984, was not available for inspection.
27. On September 20, 1984 Respondent issued a check for $800.00 against the William F. Casler, Sr. Trust Account No. 2102560, payable to the Estate of Alfred J. Pope, and on October 2, 1984 Respondent issued a check for $22,977.41 against the William F. Casler, Sr. Trust Account No. 2102560, payable to the Estate of Alfred J. Pope.
28. The purpose of issuing said checks to the Estate of Alfred J. Pope was to cover shortages therein.
29. On November 20, 1985 respondent signed a'Waiver of Probable Cause for Grievance Committee 06A.

.Disciplinary Rules 1-102(A)(4), 1-102(A)(6), 7-102(A)(8), 9-102(A), 9-102(B) of the former Florida Code of Professional Responsibility and former Florida Bar Integration Rule, article XI, Rule 11.02(4), respectively.

. In connection with Count II the bar realleged paragraphs two, eighteen, nineteen, twenty-two, twenty-three and twenty-five through twenty-nine of Count I, and further alleged:
32. Respondent was the personal representative, and attorney for the personal representative, of the estate of AJ. Pope.
33. The heirs of said estate were Ada H. Darling and Janet M. Dignon.
34.Respondent informed the aforesaid heirs that cash deposits of the estate were in a non-interest bearing account when, in fact, the cash deposits had in whole or in part been removed from the account for purposes not related to the estate.

. See supra notes 3 and 5.